### ELIAS HOWE & another *vs.* GEORGE BISHOP.

Where land, which is paid for by A., is conveyed to B. for the purpose of securing it from A.'s creditors, and A. goes into possession under a lease from B., and the creditors of A. levy execution on the land as his estate, they are not thereby enabled to maintain a writ of entry against B. to recover possession of it.

WRIT of entry to recover a parcel of land in Warren. Trial before *Wilde*, J. The demandants, to prove their title and seizin, introduced a judgment recovered by them against Harrison Bishop and one Ferry, and a levy, on the 29th of June 1840, of the execution which issued on that judgment, upon the de-

Howe & another *v.* Bishop.

manded premises as the estate of said Harrison, and a delivery of seizin by the officer who served said execution. The demandants also proved, that before and at the time of said levy, Harrison Bishop was in the possession and occupation of the demanded premises ; and here they rested their case.

The tenant then offered in evidence a deed of the demanded premises, from one Lumbard to himself, dated October 24th, 1836, and called Harrison Bishop as a witness, who testified that, soon after the date of said deed, he went upon the premises and erected an addition to the house thereon, under a power of attorney from the tenant, and that, in the spring of the year 1837, he took a lease of the premises from the tenant, for the term of three years, and that since the expiration of the lease he had occupied under an agreement with the tenant to remain and pay rent for the premises. Here the tenant rested his case.

The demandant thereupon offered to show that the bargain, made between Lumbard and the tenant for the demanded premises, was made for the benefit of Harrison Bishop ; that the consideration for the purchase from Lumbard was paid by said Harrison ; and that the deed was made to the tenant in order to secure the estate from said Harrison's creditors, and with a design, on the part of the tenant and Harrison, to defraud the creditors of the latter. But the judge ruled that the evidence thus offered was incompetent ; and a nonsuit was entered, subject to the opinion of the whole court, as to the competency of the rejected evidence.

*Washburn*, for the demandants, cited *Allen* v. *Rivington*, 2 Saund. 111. *Catteris* v. *Cowper*, 4 Taunt. 547. *Shrewsbury* v. *Smith*, 14 Pick. 302. *Goodwin* v. *Hubbard*, 15 Mass. 210.

*C. Allen*, for the tenant.

Dewey, J. To entitle the demandants to recover, they must show affirmatively in themselves a sufficient legal title to authorize the maintenance of their action, and if they fail so to do, the tenant must prevail in his defence. The burden, thus devolving on the demandants, they attempt to sustain by evidence of a levy of execution in their favor upon the demanded premises, as the estate of Harrison Bishop. But the effect of

that levy was only to transfer to the demandants all the interest of the judgment debtor in the estate thus levied upon. It is true, that there is, upon the making of such levy, a delivery of the seizin and possession to the judgment creditor by the officer, and this may operate, to the extent of the interest of the judgment debtor, to give the possession to the creditor ; but a levy upon lands not belonging to the judgment debtor, and of which the title and possession are in another, will not oust the person thus in possession under a legal title. *Blood* v. *Wood*, 1 Met. 528.

What was the title of Harrison Bishop in the premises levied upon by the demandants ? As to paper title, he clearly had none. He never was a grantee from any one having or claiming title to the premises. This is conceded ; but it is contended that the conveyance from Lumbard to George Bishop may, upon the evidence proposed to be offered, be held to vest the estate in the premises in Harrison Bishop.

This view of the case, if sustained, rests upon the doctrine, that if a conveyance be made by A. to B. upon a consideration paid by C., an attachable interest is vested in C. which may, by levy of execution, be legally transfered to the creditor of C. This position, we think, is untenable, and the title of the demandants cannot be successfully urged upon that ground. Upon such a state of facts, no legal interest in the premises conveyed ever vested in the debtor ; and the creditor, succeeding only to the estate of his debtor, can therefore acquire, by the levy, no legal estate in the same. The present case is unlike the more usual cases in which fraudulent conveyances are impeached by creditors ; they ordinarily disclosing a legal title in the debtor, and the matter in controversy being solely, whether the debtor had been legally devested of such title, as against a levy of his creditor.

The demandants further insist, that at the time of making their levy, the judgment debtor was in possession, and that they may rely upon this title by possession, as good against one who has no older or better title. This argument might avail them, if the facts in the case showed any such possession in the debtor in his own right, or under a claim of title in himself ; but

the facts stated clearly negative any such position.  They find the original entry of Harrison Bishop, the debtor, to have been under authority from George Bishop, and in his right, and the subsequent possession to have been continued by Harrison, as tenant to George, and in no way adverse to George's title. The demandants, therefore, do not strengthen their title by any aid derived from the debtor's possession of the premises.  It would seem, therefore, to be very clear, upon well settled principles, that the demandants have not sustained their action by the requisite proof of that title in themselves, which the law requires before they can disturb the possession of the tenant.

But it is strongly urged on the part of the demandants, that in the case of *Goodwin* v. *Hubbard,* 15 Mass. 210, upon a question arising upon a similar state of facts, this court sus tained the levy of a judgment creditor against the party holding under a conveyance upon a secret trust for the benefit of the debtor.

Although the facts in relation to the paper title are quite similar in the two cases, it is also very apparent, that the question presented itself, in the case of *Goodwin* v. *Hubbard,* under a different aspect, as to the legal rights of the parties litigating, from that of the present case.   There the parties were reversed in their relation to the suit ; the judgment creditor was in the actual enjoyment and possession of the demanded premises, and the party claiming through the fraudulent conveyance was seeking, through the aid of a court of law, to devest the judgment creditor of his possession.

It may, and sometimes does happen, that the circumstance of the relation of the party to the suit, as being the demandant or tenant, may materially affect the result.   Suppose neither the demandant nor tenant to have any legal title, either documentary or possessory ; in such case, the demandant must fail, and the tenant will remain undisturbed in his possession ; while it would be equally true that, upon the same state of facts as to the legal title, if the tenant had been the party asserting his right and seeking to recover the possession of the land of the other, he also would have failed to sustain his action.   In the

case supposed, it will readily be perceived, that the result is changed by the mere change of the position of the parties ; the rule being, that a demandant in a real action must recover upon the strength of his own title, and not upon the weakness of the tenant's title.

We have not found it necessary to consider particularly, or to express any opinion upon the soundness of the decision in the case of *Goodwin* v. *Hubbard*, because we are satisfied that the prominent grounds upon which that opinion seems to be placed, and upon which only it can be sustained, do not exist here. As has been already remarked, the judgment creditor in that case was in possession ; he was the party denying the right of the other party to dispossess him, and was, therefore, entitled to retain his possession until the demandant could establish in himself a legal title. This, in the opinion of the court, the demandant failed to do, and thus failing to maintain the issue on his part, the judgment might well be rendered for the judg ment creditor, without establishing any legal title in him under his levy. It was the want of title in the demandant, and not the existence of any valid title in the creditor, which was the foundation of the judgment rendered in that case. The posses- sion being with the creditor, he might successfully resist the claim of a person having no better right than himself.

Such, as it seems to me, is the proper view to be taken of the case of *Goodwin* v. *Hubbard*, and is the one upon which the decision seems to be placed by the court, in the opinion delivered in *Kempton v. Cook*, 4 Pick. 305, where that case was cited and relied upon by counsel.

But in the present case, the party holding under the alleged fraudulent conveyance is the party in possession, and as such is entitled to retain his possession, until the creditor has established in himself a valid title. This, for the reasons already stated, he has failed to do. The case does not therefore present itself under such circumstances that the creditor can rely upon the weakness of the title of his adversary, but he must establish his right to maintain his action, by making at least a *primâ facie case* of title in himself.

Whether the creditor is without legal remedy in a case like the present, or if any exist, in what form it is to be sought, are questions upon which we forbear to express any opinion.

*Nonsuit to stand.*